UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JUAN C. MARTINEZ | : | |
| | : | |
| v. | : | C.A. No. 22-00144-WES |
| | : | |
| INVESTIGATOR RAPOSO, et al. | : | |

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On April 4, 2022, Plaintiff filed a pro se Complaint accompanied by an Application to Proceed Without Prepayment of Fees including the $402.00 per case filing fee. (ECF Nos. 1, 2). Plaintiff's Application (ECF No. 2) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. Plaintiff has not submitted a certified copy of his prisoner trust fund account statement certified by an appropriate official at the Adult Correctional Institutions, as required by 28 U.S.C. § 1915(a)(2).[1] If Plaintiff's prison trust fund account statement demonstrated an entitlement to IFP, I would calculate the initial filing fee that must be paid before the case may proceed. However, because of the IFP application, this case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). Accordingly, I am required to review the Complaint sua sponte and to

---

[1] Section 1915(a)(2) provides:

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), **shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal**, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2) (emphasis added).

dismiss it if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED because it is "frivolous," and "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff Juan C. Martinez is a prisoner at the Rhode Island Adult Correctional Institutions (the "ACI"). He alleges that in October 2021 he was subject to a "booking" from Defendant Investigator Raposo that charged him with sexual misconduct. (ECF No. 1 at p. 4.) Plaintiff further alleges that he was subject to a disciplinary proceeding and ultimately found to have engaged in sexual misconduct. Id. at p. 5. As Relief, Plaintiff seeks the removal of an internal marker that designates him a sexual predator within the ACI, restoration of his job and his lost good time, and monetary damages. Id. at p. 6.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

Plaintiff's handwritten Complaint was filed on a Form Complaint and states that the basis of his claim is "Federal Question" jurisdiction. (ECF No. 1 at p. 3). Plaintiff does not specify the federal statute or constitutional provision allegedly violated. He simply alleges that he disagrees with the basis for the disciplinary booking brought against him and asserts without support that the charge was false and the investigation was "malpractice." He appears to be attempting to appeal the discipline in this Court rather than through the prison grievance process as required. Plaintiff is effectively asking this Court to conduct an independent review of the adequacy of a prison disciplinary investigation. However, the role of this Court is not to second-guess the Prison Administrator's application of the RIDOC's Policy, but instead to ascertain whether any of Plaintiff's federal rights have been violated.

As drafted, the Complaint fails to comply with Rule 8. It does not inform Defendants or the Court as to the relevant facts and claims, nor does it permit Defendants to answer the Complaint and prepare for trial. The Complaint states that it is based on federal question jurisdiction but does not provide any further guidance to the Court or Defendants as to the particular basis of such a federal claim. In short, as Judge Easterbrook summarized, "Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." Parker v. Learn the Skills Corp., No. 03-6936, 2004 WL 2384993 (E.D. Pa. Oct. 25, 2004) (quoting United States, ex. rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)).

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble,

429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required because even when afforded a liberal construction, the Complaint fails to state any viable federal claim and is frivolous. Accordingly, I recommend Plaintiff's Complaint be DISMISSED.

**Conclusion**

For the reasons stated, I recommend that Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 2) be DENIED without prejudice. Further, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), I further recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 7, 2022